Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MAGDALENA AYENDE HASLEY y OTROS<br><br>Apelada<br><br>v.<br><br>SAMUEL AYENDE NEGRÓN<br><br>Apelante | KLAN202500532 | *Apelación* procedente del Tribunal de Primera Instancia Sala de Mayagüez<br><br>Caso Núm. MZ2020CV00854<br><br>Sobre: Desahucio Precario, División o Liquidación de la Comunidad de Bienes Hereditarios |

Panel integrado por su presidenta, la Juez Lebrón Nieves[1], la Jueza Grana Martínez y el Juez Adames Soto

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2025.

El peticionario, señor Samuel Ayende Negrón solicita que revoquemos la Resolución y Orden de Lanzamiento que el Tribunal de Primera Instancia dictó en su contra.

La parte recurrida compuesta por la señora Magdalena Ayende Hasley y otros presentaron su oposición al recurso.

Este recurso se presentó erróneamente como una Apelación. No obstante, lo correcto es que lo consideremos como un *Certiorari*, porque el peticionario solicita revisión de una determinación interlocutoria del Tribunal de Primera Instancia. Así, reseñamos los hechos pertinentes para comprender la determinación que hoy tomamos.

**I**

La parte recurrida solicitó al Tribunal de Primera Instancia la partición de herencia de Doña Flor Juana Negrón Soto y que ordenara al

---

[1] Mediante Orden Administrativa OATA-2025-111 se designa a la Hon. Gloria L. Lebrón Nieves en sustitución del Hon. Abelardo Bermúdez Torres

peticionario el desalojo de la propiedad de la sucesión que ocupaba ilegalmente; el pago de las rentas vencidas por el uso exclusivo de esa propiedad; una indemnización por daños y perjuicios y el pago de las costas del pleito. La demanda original se presentó el 18 de septiembre de 2020. El 9 de diciembre de 2020, se presentó una demanda enmendada.[2]

El 2 de diciembre de 2024, el tribunal concedió al peticionario hasta la medianoche del 3 de enero de 2025, para que él y su familia desalojaran voluntariamente la propiedad. El tribunal apercibió al peticionario que ordenaría su lanzamiento, previa moción radicada por la recurrida. Por último, le ordenó entregar las llaves a la recurrida en o antes del 7 de enero de 2025 y autorizó comercializar la propiedad a partir del 17 de enero de 2025.

El 17 de abril de 2025, el peticionario solicitó la desestimación del desahucio por falta de jurisdicción. Su representación legal argumentó que la esposa del peticionario y su sociedad legal de gananciales eran partes indispensables y que la recurrida no la trajo al pleito. El peticionario alegó que su esposa tenía un derecho posesorio sobre el inmueble, donde residía junto a sus cuatro hijos menores de edad. Según el peticionario, la recurrida estaba obligada a traer al pleito a todas las personas cuyos derechos podían afectarse con el desahucio.[3]

La recurrida se opuso a la desestimación, arguyendo que las únicas partes indispensables en un pleito de partición, liquidación y adjudicación de herencia son los llamados a la herencia. Su representación legal argumentó que el peticionario trajo a su esposa e hijos a vivir en la propiedad, sin el consentimiento de los demás herederos y a sabiendas de que tendría que desalojarla. Según la recurrida, el desalojo y el pago de rentas por el uso exclusivo de la propiedad eran remedios inherentes del proceso de partición de herencia.

---

[2] Véase apéndice del recurso, paginas 6-9 y 14-17.
[3] Véase apéndice del recurso, páginas 25 a 31.

La recurrida sostuvo que la esposa del peticionario no tenía ninguna relación con el inmueble, al que se mudó con pleno conocimiento de que los demandantes solicitaron el desalojo porque se oponían a la posesión. Además, argumentó que la señora Sutuj tenía una residencia donde vivir, pero abandonó el Programa Sección 8 y expuso a sus hijos a mudarse a una propiedad de la que conocía o debió conocer que iban a ser desalojados. No obstante, la recurrida reconoció la necesidad de la intervención del Departamento de la Familia y el Departamento de Vivienda durante el proceso de desalojo.[4]

El 6 de junio de 2025, el TPI dictó Resolución y Orden de Lanzamiento y otra Resolución declarando NO HA LUGAR la desestimación. El TPI ordenó la continuación de los procedimientos y el lanzamiento del peticionario y su familia, debido a que los términos concedidos estaban vencidos hacía más de seis meses. El foro primario acogió e hizo formar parte de su determinación los argumentos de derecho de la recurrida y por consiguiente, declaró no ha lugar la solicitud de desestimación del peticionario. El tribunal ordenó tramitar el lanzamiento del peticionario para adelantar los procesos. Por último, hizo constar que dio múltiples oportunidades al peticionario para que adquiriera la propiedad, pero no tenía capacidad económica. No obstante, advirtió que aún tenía disponible el derecho de retracto.[5]

El foro primario ordenó al Departamentos de la Familia y al Departamento de Vivienda evaluar la condición económica del peticionario y su familia y les concedió treinta días para rendir un informe sobre las ayudas a las que tenían derecho. Además, apercibió al peticionario a cooperar con las agencias para preparar los informes, porque de lo contrario, ordenaría el lanzamiento mediante la intervención de un alguacil, sin necesidad de expedir una nueva orden o mandamiento.

---

[4] Véase apéndice del recurso, páginas 32 a 104.
[5] Id, páginas 1 a 5 del recurso.

Inconforme, el peticionario presentó este recurso en el que alega que el TPI cometió os siguientes errores.

PRIMER ERROR: Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez al Ordenar el Lanzamiento y Orden de Desahucio determinando que la Sra. María Carolina Sutuj no es parte indispensable, pero reconociendo que reside en la propiedad en comunidad hereditaria y no ha sido traída al pleito de desahucio.

SEGUNDO ERROR: Erró el Tribunal de Primera Instancia, Sala Superior de Mayagüez como cuestión de hecho y de derecho, al Ordenar el Lanzamiento y Orden de Desahucio concluyendo que el presente pleito puede continuar sin la presencia de las partes indispensables en una solicitud de Desahucio.

## II

## El Certiorari

El Tribunal Supremo de Puerto Rico estableció los criterios para la expedición de un certiorari en *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Nuestro máximo intérprete de la ley local señaló, el *certiorari* como un mecanismo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. La opinión ratifica los previamente expresado en *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Mc Neill Healthcare v. Mun. Las Piedras I,* 2026 DPR 391, 403 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). La característica principal del *certiorari* es la discreción que tiene el tribunal para atenderlo. La discreción ha sido definida reiteradamente como una forma de razonabilidad aplicada al discernimiento judicial. Su ejercicio persigue el objetivo de llegar a una conclusión justiciera. *Rivera et al. v. Arcos Dorados et al. supra* pág. 210.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los preceptos que rigen la discreción del Tribunal de Apelaciones para expedir un recurso de *Certiorari.* Según lo establecido en la Regla 52.1, *supra,* el recurso solamente será expedido:

....

> [P]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
> ...

A fin de que el Tribunal de Apelaciones pueda ejercer su discreción prudentemente, la Regla 40 de su reglamento, 4 LPRA Ap. XXII, establece los criterios que deberá considerar para determinar si procede la expedición de un auto de Certiorari. El texto de la regla citada es el siguiente.

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Debe considerarse que el permitir recurrir de diversas resoluciones no abona al desenvolvimiento lógico y funcional de los casos, porque interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016). Por otro lado, la denegatoria a expedir un auto de *Certiorari* no constituye una adjudicación en los méritos, por el contrario, es el ejercicio discrecional que hace el foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008).

### **Parte indispensable**

La acumulación de las partes con interés común en un pleito es una exigencia del debido proceso de ley. El requisito de incluir a todas las partes indispensables responde a dos principios básicos; (1) la protección constitucional que impide que una persona sea privada de la libertad y propiedad sin el debido proceso de ley y, (2) la necesidad de que el dictamen judicial que en su día se emita sea completo. La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, protege a las personas ausentes de los efectos perjudiciales que pueda ocasionarles la resolución del caso y evita la multiplicidad de pleitos. Una parte indispensable es aquella que tiene un interés común, sin cuya presencia no puede adjudicarse la controversia. Su interés es de tal magnitud que no puede dictarse un decreto final sin lesionar y afectar realmente sus derechos. El interés común no es un mero interés en la controversia, sino uno que impide la confección de un decreto adecuado. Además, tiene que ser real e inmediato y no puede ser especulativo ni a futuro. La falta de parte indispensable es un planteamiento tan vital, que puede presentarse en cualquier momento, incluso por primera en apelación. El tribunal puede levantarlo motu proprio, porque la falta de parte indispensable priva la jurisdicción. La omisión de traer una parte indispensable constituye una violación al debido proceso de ley. La

sentencia que se emite en ausencia de una parte indispensable es nula. *Pérez Ríos et al v CPE,* 213 DPR 177, 212-214 (2023); *Garcia Colon v. Sucn. Gonzalez,* 178 DPR 527, 548-551 (2010); *Romero v. SLG Reyes*, 164 DPR 721, 732-734 (2005).

### **La Partición del Caudal Hereditario**[6]

Los coherederos no están obligados a permanecer en la indivisión de la herencia, salvo que el testador lo prohíba expresamente y que esa prohibición no afecte la legítima.[7] Todo coheredero tiene derecho a pedir la partición de la herencia en cualquier momento por si o a través de sus representantes legítimos.[8] La partición se realiza conforme a los procedimientos legales especiales, cuando los herederos mayores de edad no están de acuerdo sobre el modo de hacerla.[9] Durante la partición los coherederos deben abonarse recíprocamente las rentas y frutos percibidos de los bienes de la herencia, las impensas útiles y necesarias y los daños ocasionados por malicia o negligencia.[10]. La partición confiere a cada heredero, la propiedad exclusiva de los bienes que le han sido adjudicados.[11]

### **III**

La Regla 52.1 de Procedimiento Civil, supra, nos autoriza a expedir este recurso, porque el peticionario solicita que revisemos la denegatoria del Tribunal de Primera Instancia a una moción de carácter dispositivo. El peticionario sostiene que procede la desestimación, porque falta una parte indispensable. La controversia se reduce a determinar, si la esposa y la sociedad legal de gananciales de un heredero es parte indispensable

---

[6] Los artículos sobre la partición aplicables a este caso son los que forman parte del Código Civil del 1930, porque la demanda se presentó el 18 de septiembre de 2020. Las disposiciones del Código Civil de 2020 no aplican porque entraron en vigor el 28 de noviembre de 2020. Nótese que el artículo 1816 del Código Civil de 2020, dispone que Los derechos a la herencia de quien ha fallecido, con testamento o sin él, antes de entrar en vigor este Código, se rigen por la legislación anterior. 31 LPRA sec. 11721.
[7] 31 LPRA sección 2871.
[8] 31 LPRA sección 2872.
[9] 31 LPRA sección 2878.
[10] 31 LPRA sección 2882.
[11] 31 LPRA sección 2901.

en un pleito de partición de herencia, en el que se ordena su desahucio de un bien inmueble de la sucesión.

El peticionario no tiene razón. Su esposa y la sociedad de ganancial no son partes indispensables en el caso de partición de herencia. Las partes indispensables en un pleito de partición de herencia son todos los llamados al haber hereditario. La inclusión de todos los que forman parte de la sucesión es indispensable, debido a su derecho propietario sobre los bienes del causante. La esposa del peticionario no es parte indispensable porque no tiene un derecho propietario, ni ningún otro derecho sobre los bienes de la causante. Su ausencia en el pleito no impide la adjudicación final de la controversia, que no es otra que la partición de la herencia.

La demanda en la que la recurrida solicitó la partición de herencia y el desahucio del peticionario se presentó el 18 de septiembre de 2020. No obstante, consta en el expediente una comunicación de la Oficina de Programas Federales del Municipio de Cabo Rojo en la que certifica que, (1) el peticionario y su esposa participaron del Programa de Sección 8 desde el 4 de agosto de 2008 al 28 de junio de 2021, (2) el 1 de marzo de 2020 el contrato se enmendó para sacar al peticionario de la composición familiar, porque estaba separado de su esposa, (3) el vale del Programa de Sección 8 pasó a nombre de la esposa del peticionario, (4) el 26 de febrero de 2021, la esposa del peticionario canceló el arrendamiento en mutuo acuerdo con la arrendadora y, (5) el 28 de junio de 2021 fue dada de baja del programa, porque el vale que el municipio le otorgó para que buscara otra propiedad expiró.[12]

El desahucio del peticionario del inmueble que pertenece a la sucesión es inherente al proceso de partición de herencia. El peticionario ocupa de forma exclusiva la propiedad, sin que los demás miembros de la sucesión reciban beneficio alguno. El desahucio es necesario para que

---

[12] Véase apéndice del recurso en oposición, pagina 42.

culmine el proceso particional, se ponga fin a la comunidad hereditaria, cada uno de los herederos ejerza su derecho a no permanecer en indivisión y obtenga lo que le corresponda. El TPI concedió muchas oportunidades al peticionario para que adquiriera la propiedad y tuvo la previsión de ordenar al Departamento de la Familia y al Departamento de Vivienda evaluar la condición económica del apelante y su familia e informar las ayudas que tienen disponibles. El foro primario tomó la decisión correcta, para que la Sucesión de Doña Flor Juana Negrón Soto, pueda lograr la partición de la herencia en un pleito que inicio hace más de cinco años.

**IV**

Por las razones antes expresadas se expide el recurso y se confirma la determinación recurrida.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones